UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DARLENE GUM,

       Plaintiff,

v.                      Civil Action No. 2:19-cv-00065

SAM'S EAST, INC.,
D/B/A SAM'S CLUB,
and JOHN DOE 1,

       Defendants.


MEMORANDUM OPINION AND ORDER


       Pending is defendant Sam's East, Inc. doing business as Sam's Club's ("Sam's Club") motion for partial summary judgment, filed December 5, 2019.


I.   Background


       Plaintiff Darlene Gum is a resident of Washington County, Ohio.  Compl. ¶ 1.  Sam's Club is an Arkansas corporation with its principal place of business in Arkansas. Compl. ¶ 3.

       On January 13, 2017, plaintiff was exiting a Sam's Club store in Vienna, West Virginia, after purchasing various items, including a big screen television.  Compl. ¶¶ 7-9.  To assist plaintiff in loading her car, a John Doe Sam's Club associate (i.e., an employee) followed directly behind plaintiff

1

with a flatbed shopping cart containing plaintiff's purchased items, including the new television.  Compl. ¶ 10.  Plaintiff was struck by the flatbed shopping cart from behind in the right leg and knee, causing plaintiff to sustain injuries.  Compl. ¶ 11.

Plaintiff filed her complaint in the Circuit Court of Wood County, bringing claims for negligence, respondeat superior, and joint and several liability against Sam's Club and the John Doe Sam's Club associate, as well as other named defendants.  In an agreed order, the other defendants listed in the complaint were dismissed for being improper parties.  Sam's Club removed the action to this court on January 25, 2019, pursuant to the court's diversity jurisdiction.  Sam's Club now seeks partial summary judgment on the issue of punitive damages.  Plaintiff did not respond to Sam's Club's motion.

## II.  Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Material" facts are those necessary to establish the elements of a party's cause of action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d

570, 576 (4th Cir. 2010).  A "genuine" dispute of material fact

exists if, in viewing the record and all reasonable inferences

drawn therefrom in a light most favorable to the non-moving

party, a reasonable fact-finder could return a verdict for the

non-moving party.  <u>Anderson</u>, 477 U.S. at 248.

"A party asserting that a fact cannot be or is

genuinely disputed must support the assertion by showing . . .

that an adverse party cannot produce admissible evidence to

support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  "Rule 56(c)

mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will

bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>,

477 U.S. 317, 322 (1986).

## III. <u>Discussion</u>

In its motion for summary judgment, Sam's Club claims

that plaintiff "has failed to allege specifically that this

Defendant's conduct relative to her claims against it was such

as to entitle her to an award of punitive damages, and

absolutely no evidence supports such an award."  Mem. in Supp.

of Mot. of Def.'s for Partial Summ. J. 2, ECF No. 29, Ex. A.

Specifically, Sam's Club argues that plaintiff has not produced

any evidence that Sam's Club "acted maliciously toward her" or
"acted wantonly, willfully, recklessly, or with criminal
indifference to any degree."  Id. at 3.

    The law in West Virginia governing the availability of
punitive damages states:

> An award of punitive damages may only occur in a civil
> action against a defendant if a plaintiff establishes
> by clear and convincing evidence that the damages
> suffered were the result of the conduct that was
> carried out by the defendant with actual malice toward
> the plaintiff or a conscious, reckless and outrageous
> indifference to the health, safety and welfare of
> others.

W. Va. Code § 55-7-29(a) (2015); see also Brown v. Gobble, 474
S.E.2d 489, 494 (W. Va. 1996) ("'[C]lear and convincing' is the
measure or degree of proof that will produce in the mind of the
factfinder a firm belief or conviction as to the allegations
sought to be established. It should be the highest possible
standard of civil proof.") (citations omitted).

    Although published before the enactment of West
Virginia Code § 55-7-29(a), the West Virginia Supreme Court has
previously provided guidance as to when punitive damages are
available to a plaintiff.  Under West Virginia law, punitive
damages are not appropriate in cases of "simple negligence,"
Bennett v. 3 C Coal Co., 379 S.E.2d 388, 394 (W. Va. 1989), but
are instead reserved for "actions of tort [ ] where gross fraud,
malice, oppression, or wanton, willful, or reckless conduct or

criminal indifference to civil obligations affecting the rights of others appear." <u>Alkire v. First Nat'l Bank of Parsons</u>, 475 S.E.2d 122, 129 (W. Va. 1996) (citation omitted). An award of punitive damages is reserved for "extreme and egregious bad conduct" -- it "is the exception, not the rule," and "the level of bad conduct on the part of the defendant must be very high in order to meet the punitive standard." <u>Perrine v. E.I. du Pont de Nemours & Co.</u>, 694 S.E.2d 815, 909-10 (W. Va. 2010).

The complaint only sets forth allegations of negligence that could not support an award of punitive damages, and plaintiff did not file a response to Sam's Club's motion for summary judgment so as to present a genuine issue of material fact. Plaintiff has thus not set forth clear and convincing evidence, or even specific allegations, that Sam's Club acted "with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a) (2015). Inasmuch as the plaintiff has failed to provide sufficient evidence to establish a genuine issue of material fact as to her claim for punitive damages on which she has the burden of proof, Sam's Club is entitled to summary judgment.

## IV.  Conclusion

Accordingly, it is ORDERED that defendant Sam's Club's motion for partial summary judgment as to plaintiff's claim for punitive damages be, and it hereby is, granted.

The Clerk is requested to transmit this written opinion to all counsel of record and to any unrepresented parties.

ENTER: February 10, 2020

John T. Copenhaver, Jr.
Senior United States District Judge